IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:23-CV-101-BO-RN

RYAN WINTER, as Administrator of the )
Estate of M.W.W., )
           Plaintiff, )
 )
v. )    O R D E R
 )
BLUEWATER ASSOCIATES OF )
EMERALD ISLE, INC., 4601 OCEAN )
DRIVE, LLC, BLUEWATER BUILDERS )
OF EMERALD ISLE, INC., and )
SHEYENNE HOUSEAND d/b/a SOBX )
CONSTRUCTION, )
           Defendants. )

       This cause comes before the Court on defendant Bluewater Associates of Emerald Isle's partial motion to dismiss and a motion by defendants Bluewater Associates of Emerald Isle and 4601 Ocean Drive for leave to file third-party complaints. The appropriate responses and replies have been filed, or the time for doing so has expired, and a hearing was held before the undersigned on March 5, 2024, at Raleigh, North Carolina. In this posture, the motions are ripe for ruling. For the reasons that follow, the motion to dismiss is granted in part and denied in part and the motion for leave to file third-party complaints is granted.

## BACKGROUND

       This case arises out of the death of the minor decedent, M.W.W.[1], at a vacation rental home on Emerald Isle, North Carolina. Family members had rented the home for a beach vacation when the decedent allegedly gained unsupervised access to an in-ground swimming pool and drowned.

---

[1] The minor decedent's name has been redacted pursuant to Fed. R. Civ. P. 5.2.

Plaintiff filed this action alleging claims arising from negligence against the entities which owned, managed, and did repair or construction work on the vacation rental property. Plaintiff alleges claims for negligence, negligence *per se*, gross negligence, and *res ipsa loquitor*.

## DISCUSSION

Defendant Bluewater Associates of Emerald Isle ("Bluewater Associates") has moved to dismiss plaintiff's claims for negligence *per se* and *res ipsa loquitor* pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Id.*

To demonstrate that a defendant has engaged in negligence *per se* under North Carolina law, a plaintiff must demonstrate "(1) a duty created by a statute or ordinance; (2) that the statute or ordinance was enacted to protect a class of persons which includes the plaintiff; (3) a breach of the statutory duty; (4) that the injury sustained was suffered by an interest which the statute protected; (5) that the injury was of the nature contemplated in the statute; and, (6) that the violation of the statute proximately caused the injury." *Rudd v. Electrolux Corp.*, 982 F. Supp. 355, 365 (M.D.N.C. 1997) (citation omitted). In his complaint, plaintiff relies on North Carolina's Vacation Rental Act ("VRA"), N.C. Gen. Stat. § 42A-1, *et seq*, to support his negligence *per se* claim.

2

Plaintiff alleges that Bluewater Associates was under an affirmative duty under the VRA to "[o]ffer vacation rental property to the public for leasing in compliance with all applicable federal and State laws, regulations, and ethical duties, including but not limited to, those prohibiting discrimination on the basis of race, color, religion, sex, national origin, handicapping condition, or familial status." N.C. Gen. Stat. § 42A-33(a)(2); Amd. Compl. ¶ 84. The VRA further provides that a real estate broker managing a vacation rental property on behalf of a landlord shall "[n]otify the landlord regarding any necessary repairs to keep the property in a fit and habitable or safe condition . . .." N.C. Gen. Stat. § 42A-33(a)(3). Plaintiff alleges that the defendants failed to comply with applicable building codes and national standards and practices for pool barrier safety. Amd. Compl. ¶¶ 84-94.

Bluewater Associates argues that, as a real estate broker, it is not required to comply with any applicable building or housing codes, as that requirement is imposed solely on landlords, and thus plaintiff cannot proceed on his claim for negligence *per se*. *See* N.C. Gen. Stat. § 42A-31(1). However, Bluewater does not dispute that, if it is a real estate broker, it is bound by the provision of the VRA which requires it to comply with all applicable federal and state laws, regulations, and ethical duties. Though Bluewater attempts to describe that provision as relating only to discrimination, the statute expressly states that its reference to anti-discrimination provisions is just one example of the laws and regulations with which a real estate broker must comply. *See Speaks v. U.S. Tobacco Coop., Inc.*, 31 F.4th 838, 842 (4th Cir. 2022) ("One canon of construction provides that we should not construe statutes in a way that renders words meaningless.").

Moreover, the next section of the VRA expressly requires real estate brokers to inform landlords of "any necessary repairs to keep the property in a fit and habitable and safe condition . . .." N.C. Gen. Stat. § 42A-33(a)(3). Plaintiff has alleged that Bluewater Associates managed,

3

operated, maintained, and controlled the subject property and that it knew that the pool gate was installed in such a manner as to expose a child to a drowning hazard. Amd. Compl. ¶ 79. Bluewater Associates argues that bringing the subject gate into compliance with safety regulations and building codes was not a "repair," and thus it had no duty to inform the landlord. This argument strains credulity. Based upon the allegations in the amended complaint, which must at this stage be taken as true, Bluewater Associates managed multiple vacation rental properties with pools, it knew that children would be present in those properties, and it knew that drowning incidents can be prevented by appropriately restricting access to the pool area. Amd. Compl. ¶¶ 71-79. Whether the pool gate was "broken," as Bluewater Associates would define it, is of no moment, as Bluewater Associates was under a statutory duty to inform the landlord of any "repair" needed to maintain the premises in a safe condition.

In sum, plaintiff has sufficiently pleaded a claim for negligence *per se* and the Court will deny Bluewater Associate's motion to dismiss this claim.

Bluewater Associates also seeks dismissal of plaintiff's *res ipsa loquitor* claim against it. The doctrine of *res ipsa loquitor*

> permits negligence to be inferred from the physical cause of an accident, without the aid of circumstances pointing to the responsible human cause. Where this rule applies, evidence of the physical cause or causes of the accident are sufficient to carry the case to the jury on the bare question of negligence. But where the rule does not apply, the plaintiff must prove circumstances tending to show some fault of omission or commission on the part of the defendant in addition to those which indicate the physical cause of the accident.

*Harris v. Mangum*, 183 N.C. 235 (1922). To proceed under the doctrine, a plaintiff must be able to show (1) an injury which (2) does not ordinarily occur in the absence of negligence and (3) that the defendant had "exclusive control and management" of that which caused the injury. *Williams v. 100 Block Assoc., Ltd.*, 132 N.C. App. 655, 664 (1999) (citation omitted). The doctrine does not apply, however, where "the facts of the occurrence, although indicating negligence on the part of

4

some person, do not point to the defendant as the *only* probable tortfeasor." *Id.* (quoting *Bryan v. Elevator Co.*, 2 N.C. App. 593 (1968)) (emphasis in original).

Plaintiff has failed to plausibly allege that defendant Bluewater Associates maintained exclusive possession and control over the property such that Bluewater Associates would be the *only* probable tortfeasor. First, this claim is alleged against all defendants, generally. Amd. Compl. ¶¶ 101-104. Second, the amended complaint alleges that other, adult family members of M.W.W. were present on the property when the accident occurred and that they had been exploring the property and settling in. Amd. Compl. ¶¶ 49-50. These allegations do not support a plausible claim that Bluewater Associates would be the only probably tortfeasor. This claim is properly dismissed.

Defendants Bluewater Associates and 4601 Ocean Drive ("Ocean Drive") seek leave to file third-party complaints. They seek to implead family members of M.W.W. who were present at the property on the day of the accident: Carole Acquesta, Michael Acquesta, Echo Ely Eldridge, John Eldridge III, Sarah Eldridge, and John Eldridge IV. Bluewater Associates and Ocean Drive seek to assert claims against the family members for contractual and implied indemnification and contribution. Plaintiff does not consent to the motion but has not filed a memorandum in opposition.

Bluewater Associates and Ocean Drive have moved under Rule 15 of the Federal Rules of Civil Procedure and seek leave to amend their pleadings in order to assert third-party claims. Rule 14 governs impleading parties in a civil action. Fed. R. Civ. P. 14. The rule provides that leave of court is required to file a third-party complaint where, as here, a defendant wishes to do so more than fourteen days after service of its original answer. Fed. R. Civ. P. 14(a)(1). Whether to permit a defendant to file a third-party complaint "is left to the informed discretion of the district court, which should allow impleader on any colorable claim of derivative liability that will not unduly

5

delay or otherwise prejudice the ongoing proceedings." *Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 393 (1st Cir. 1999). "One of the primary objectives of third-party procedure is to avoid circuity and multiplicity of actions." *Noland Co. v. Graver Tank & Mfg. Co.*, 301 F.2d 43, 50 (4th Cir. 1962). To that end, requests to implead should be liberally granted, so long as doing so will not prejudice the plaintiff, introduce unrelated issues, or lead to undue complication of the suit. *Dishong v. Peabody Corp.*, 219 F.R.D. 382, 385 (E.D.Va. 2003).

The Court, in the exercise of its discretion, will permit Bluewater Associates and Ocean Drive to file their third-party complaints. The issues of indemnification and contribution are either derivative of or secondary to plaintiff's claims and are dependent on the outcome of plaintiff's claims against Bluewater Associates and Ocean Drive. *Great W. Cas. Co. v. ACE Am. Ins. Co.*, No. 1:21-cv-338, 2023 U.S. Dist. LEXIS 35491, at *17 (M.D.N.C. Mar. 3, 2023). The Court further discerns no prejudice or undue complication of the original suit. The motion is therefore granted.[2]

## CONCLUSION

Accordingly, for the foregoing reasons, Bluewater Associate's motion to dismiss [DE 29] is GRANTED IN PART and DENIED IN PART. The motion for leave to file a third-party complaint by Bluewater Associates and Ocean Drive [DE 43] is GRANTED. Bluewater Associates and Ocean Drive shall file their third-party complaints not more than seven (7) days from the date of entry of this order.

SO ORDERED, this __1__ day of April 2024.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[2] In the absence of any responsive briefing, the Court's decision to allow the filing of the third-party complaint is without prejudice to any third-party defendant raising any challenge to the third-party complaint under Rule 12.

6